```
 1                IN THE UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                      CORPUS CHRISTI DIVISION

 3

    AARON HANSEN, ET AL.,            *    CIVIL ACTION
 4                                   *
            PLAINTIFFS,              *    CA-C-13-242
 5                                   *
    VS.                              *
 6                                   *
    TOTAL SCREEN SOLUTIONS, INC.,    *    CORPUS CHRISTI, TEXAS
 7                                   *    MAY 12, 2014
            DEFENDANT.               *    3:01 P.M.
 8                                   *
    * * * * * * * * * * * * * * * * *

 9

10                    TRANSCRIPT OF MOTION HEARING

11            BEFORE THE HONORABLE NELVA GONZALES RAMOS
                    UNITED STATES DISTRICT JUDGE
12

13  APPEARANCES:

14  FOR THE PLAINTIFFS:        MR. DAVID I. MOULTON
                               BRUCKNER BURCH, PLLC
15                             8 GREENWAY PLAZA, SUITE 1500
                               HOUSTON, TEXAS 77046
16
    FOR THE DEFENDANTS:        MR. DANIEL DOUGLAS PIPITONE
17                             MUNSCH HARDT KOPF & HARR, P.C.
                               700 MILAM STREET, SUITE 2700
18                             HOUSTON, TEXAS 77002

19

20  COURT RECORDER:            MS. GENAY ROGAN

21

22       PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
          TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE:
23                MOLLY CARTER, P. O. BOX 270203
             CORPUS CHRISTI, TEXAS 78427 (361) 945-2525

24

25
```

This transcript has been furnished at public expense under the Criminal Justice Act and may be used only as authorized by court order. Unauthorized reproduction will result in an assessment against counsel for the cost of an original and one copy at the official rate. General Order 94-15, United States District Court, Southern District of Texas.

1          (The proceedings began at 3:01 p.m.)
2          (Call to Order of the Court.)
3               THE CLERK:  Judge, regarding Hansen versus Total
4     Screens, for the Plaintiffs we have Dave Moulton on the line.
5     Is that correct?
6               MR. MOULTON:  Yes.
7               THE COURT:  And for the Defendants, we have Daniel
8     Pipitone.  Is that correct?
9               MR. PIPITONE:  That's also correct.  Thank you.
10              THE CLERK:  The Judge will call the case.
11              THE COURT:  All right.  Court calls Cause Number
12    2:13-242, Hansen, et al., versus Total Screen Solutions, et al.
13    Y'all have already announced for the record.  So we're here
14    following up on issues with the Notice to Potential Plaintiffs.
15    And I've reviewed the briefing.  Court's not going to allow the
16    Defendant's attorney's contact information to be in the notice.
17    Court will order that the opt-in forms be returned to the
18    Court, not to the Plaintiffs' attorney.  Court again, I've
19    stated this before, but will not allow electronic signatures.
20    Is there anything else from the Plaintiffs?
21              MR. MOULTON:  No, Your Honor.
22              THE COURT:  Mr. Pipitone?
23              MR. PIPITONE:  Your Honor, just a couple of things.
24    One, I appreciate what you've just said, so I understand that.
25    One thing that I would like to add in the, using the

```
 1   Plaintiffs' notice then, or actually either the Defense or the
 2   Plaintiffs' notice, is a reference to the fact that Lauterbach
 3   will be acting as the class representative.
 4            THE COURT:  Lauterbach?
 5            MR. PIPITONE:  Yeah, the Plaintiff James
 6   Lauterbach --
 7            THE COURT:  Oh, okay.  I see what you're saying.
 8   Yes.
 9            MR. PIPITONE:  Yeah.  It's something we discussed at
10   the hearing on April -- whatever that was.
11            THE COURT:  Yes, I recall.
12            MR. PIPITONE:  But it's not in this.  I don't see it
13   in the introduction of the Plaintiffs' notice.
14            THE COURT:  Mr. Moulton?
15            MR. MOULTON:  Your Honor, well, I think it's pretty
16   clear in the notice where we, on Page 2 of our proposed notice,
17   it says, "The named plaintiff brought this suit on his own
18   behalf and on behalf of those similarly situated."  And you
19   know, the named plaintiff is -- actually the one I'm looking
20   at --
21            MR. PIPITONE:  It's actually in your first paragraph,
22   David.  You say, "on his own behalf, and on behalf of those
23   similarly situated employees," which I don't think many people
24   would understand to be that he's a class representative.
25            MR. MOULTON:  Then later on we say that, later on in
```

1  How to Participate in this Lawsuit, "The named plaintiff
2  brought this suit on his own behalf and on behalf of those
3  similarly situated."
4         I think, I think that is actually a better
5  description, Judge.  I mean, I don't know if it matters either
6  way, but it says it twice already in the notice.
7         MR. PIPITONE:  And again, Your Honor, simply saying
8  "similarly situated" is not telling a layperson in particular
9  that James Lauterbach will be serving as their, his or her
10 class representative in the litigation.
11        THE COURT:  I don't have that right before me.  I
12 didn't know that was an issue.  I'm having a little trouble
13 pulling it up.  Where --
14        MR. MOULTON:  On 87-4 is our, is the proposed notice.
15        THE COURT:  After we had discussed some of the
16 earlier issues?
17        MR. MOULTON:  You told us to look at your examples,
18 right, and to come up with the, with a new notice.  And 87-4 is
19 Plaintiffs' attempt at that.  And Defense filed a different
20 one.  The one I did, 87-4 was basically some examples you gave
21 in Moore versus Bottom Line and Advanced Pipeline or something.
22 I took that notice --
23        THE COURT:  Okay.  I'm pulling it.
24        MR. MOULTON:  -- and changed the names and --
25        THE COURT:  I've got it right here.  So where, where

```
 1  exactly is the objection?
 2          MR. MOULTON:  So Mr. Pipitone wants the inclusion of
 3  language that says that James Lauterbach is actually going to
 4  act as representative.  And I'm saying that twice in the notice
 5  it says he is acting on his own behalf and on behalf of those
 6  who are similarly situated.  I mean, I think it's already said
 7  twice.
 8          THE COURT:  Mr. Pipitone?
 9          MR. PIPITONE:  Yeah.  Once again, Your Honor, I don't
10  think a layperson is going to understand "on his own behalf and
11  on behalf of those similarly situated."
12          All I'm seeking is what we discussed during the April
13  3rd hearing.  And Your Honor even indicated then that it wasn't
14  inappropriate what I was asking for, and that's simply that the
15  Plaintiff filed this case, and as a result he will be the class
16  representative in the event that you choose to join the case.
17          THE COURT:  I don't have an issue with that,
18  Mr. Moulton.  Maybe y'all can look at that.
19          Now, help me a second.  So Hansen is out.  Right?
20          MR. MOULTON:  Yes, Your Honor.
21          MR. PIPITONE:  Correct.
22          THE COURT:  So should we -- we probably just need to
23  be sure that our, anything we're sending out, maybe we need to
24  restyle the case, just so that it's clear.
25          MR. MOULTON:  No problem.  I'll do it.
```

```
 1                THE COURT:  Yeah.
 2                MR. MOULTON:  I'll just have "James Lauterbach, on
 3   behalf of himself and others similarly situated."
 4                THE COURT:  I think so.
 5                MR. MOULTON:  That's a good idea.  The only reason
 6   why I kept it is because that's still the --
 7                THE COURT:  I know.  I know.
 8                MR. MOULTON:  But I'll certainly change it.
 9                THE COURT:  It's just I hate to see that in the
10   style, and then us be saying something different in the body.
11   So I don't have a problem.  I will allow what Mr. Pipitone's
12   requesting.  But let's just go ahead and clear it up right now.
13   Where and what would you like put in?
14                MR. PIPITONE:  What I would like to have in, and it
15   can be placed at the end of the introduction paragraph, is just
16   a sentence that says, "Because Plaintiff filed this case,"
17   comma, "he will serve as your class representative in the event
18   you choose to join the case."
19                THE COURT:  Okay.  Mr. Moulton?
20                MR. MOULTON:  I think that's fine.  We should, we
21   should also just explain, I think, that just because he's a
22   class representative doesn't mean he makes all the decisions.
23                THE COURT:  No, I think, I think let's just leave it
24   as Mr. Pipitone suggested.  And if they have any questions, we
25   list Plaintiffs' attorney's contact information there.
```

```
 1                MR. MOULTON:  Okay.  Thank you.
 2                MR. PIPITONE:  And Judge, not to burden you, but
 3   there is one other thing.
 4                THE COURT:  Okay.
 5                MR. PIPITONE:  In Mr. Moulton's description of the
 6   lawsuit -- and again, I think that's Pleading Number 87,
 7   Exhibit Number 4.
 8                THE COURT:  Okay.
 9                MR. PIPITONE:  This is his proposed notice.
10                THE COURT:  Okay.
11                MR. PIPITONE:  Tell me when, Your Honor.
12                THE COURT:  Go ahead.
13                MR. PIPITONE:  In the third line, he's talking about
14   "Plaintiff alleges TSS should have classified him as an
15   employee," and then he puts in here, "because he was not in
16   business for himself."
17                Now, I don't -- I object to that information because
18   whether someone is in business for himself or not is not the
19   test of whether someone's an independent contractor or not.
20                Previously, Mr. Moulton did not include that language
21   in -- well, you know what, I take that back, Your Honor.  What
22   I would like to do is just simply delete that information.
23                THE COURT:  Mr. Moulton?  Mr. Moulton, is that
24   necessary?
25                MR. MOULTON:  I think it is, because I think that is
```

1   the standard, that the ultimate issue is whether or not they're
2   in business for themselves.  I mean, the Fifth Circuit has said
3   that.  It's just another way of saying whether or not, you
4   know, the economic defense test.  That's the same thing.
5           And you know, I think Defendants, you know,
6   Defendants have a -- their description is equally
7   objectionable, the way they characterize theirs, because it's
8   not about the agreement, right, but that's what they want,
9   that's how they want to describe their suit.  But you know, but
10  anyway, in fact ours -- that is the test.  And that is the
11  reason why we're claiming he's an employee.
12          MR. PIPITONE:  Your Honor, if I may, I don't object
13  to the description of the Defendant's version in Mr. Moulton's
14  introductory paragraph.  But moving on to this, if we're going
15  to talk about "in business for yourself," and that in essence
16  is a summary of the economic realities test, one, I don't think
17  that's a very good summary.  And if we're going to put in
18  anything about what the test is, then I suggest we put in
19  control and supervision --
20          THE COURT:  Nah, I think -- I don't know that that
21  little phrase is necessary, Mr. Moulton.  So "Plaintiff alleges
22  TSS should have classified him as an employee, and therefore,
23  TSS should have paid him time-and-a-half," et cetera,
24  et cetera?
25          MR. MOULTON:  Right.  The reason why I included that

1  is sort of response to theirs, because they're putting in the
2  reason that they believe that the Plaintiffs are not employees.
3  So I thought if we're going to respond to that, we need to put
4  in a reason why we think they are employees.
5       And so it's just trying to balance it out.  So if
6  we're going to strike that, I think it would be appropriate to
7  strike out the reason why the Defendant is saying that they're
8  not.
9       THE COURT:  Which is where?
10      MR. MOULTON:  Otherwise, they'll just read this
11 notice, and they'll think, well, it must be that an agreement
12 would make me an independent contractor, and they might not
13 join.
14      THE COURT:  Okay.  Where are you talking about?  I'm
15 looking at that next paragraph.
16      MR. MOULTON:  The very next paragraph.  TSS, second
17 sentence, "TSS contends that all TSS's Sit Hands, including
18 Plaintiff, agreed that Sit Hands were and would be treated as
19 independent contractors."
20      I think that's misleading because that's not the
21 test.  I mean, that's not -- if we put that out there, people
22 may think that that's actually a reason not to join, which
23 is --
24      MR. PIPITONE:  Your Honor, when you permit, I'd like
25 to respond.

| | |
|---|---|
| 1 | THE COURT: You can respond. But I mean, they can't |
| 2 | agree to that, if they don't fit within the elements, isn't |
| 3 | that right? |
| 4 | MR. MOULTON: I'm sorry? |
| 5 | THE COURT: They can't, there can't be an agreement |
| 6 | to violate the FLSA, just because the Plaintiffs say it's okay. |
| 7 | Right? |
| 8 | MR. MOULTON: Right. There cannot be an agreement, |
| 9 | which is why -- |
| 10 | THE COURT: Right. No, I'm asking Mr. Pipitone. |
| 11 | MR. MOULTON: Oh. |
| 12 | MR. PIPITONE: No, I agree. Yeah, I'd agree, Your |
| 13 | Honor. So we can take out the one word, "agreed," in the |
| 14 | second line -- |
| 15 | THE COURT: Okay. |
| 16 | MR. PIPITONE: -- including TSS -- essentially the |
| 17 | second sentence should read, "TSS contends that all TSS's Sit |
| 18 | Hands, including Plaintiff, were independent contractors prior |
| 19 | to the initiation of their relationship with TSS." |
| 20 | THE COURT: I think that's good. Mr. Moulton? |
| 21 | MR. MOULTON: I think that would be, I think that |
| 22 | would balance it out. |
| 23 | THE COURT: Yes. |
| 24 | MR. PIPITONE: Okay. |
| 25 | MR. MOULTON: If we're getting our part struck, then |

Case 2:13-cv-00242   Document 98   Filed in TXSD on 05/29/14   Page 11 of 15

11

```
 1   strike that.
 2           THE COURT:  Right.
 3           MR. PIPITONE:  And I'm fine with that, Your Honor.
 4           THE COURT:  Okay.  What else?  So were y'all going to
 5   provide me then a final order?
 6           MR. PIPITONE:  Oh, Your Honor, I'm terribly sorry.
 7   One last thing.
 8           THE COURT:  Okay.
 9           MR. PIPITONE:  Looking at the Plaintiffs' notice,
10   again that's the document that you were just looking at,
11   turning to the second page --
12           THE COURT:  Okay.
13           MR. PIPITONE:  There is a paragraph right above where
14   it says in bold print across the middle of the page that there
15   is a deadline to join this lawsuit, there is a paragraph there,
16   and -- right above that -- and in the second sentence, I would
17   like to have stricken.  It says, "If you do not join this case
18   by properly filing a notice of consent," comma, I would like to
19   say instead of that long phrase about not getting any relief,
20   back wages, over time, et cetera, et cetera, just say you will
21   not -- you will not be entitled to recover anything.
22           THE COURT:  Mr. Moulton?
23           MR. PIPITONE:  Or you will be entitled to no relief.
24           MR. MOULTON:  I'm sorry.  Excuse me?
25           THE COURT:  So you will not be entitled to any
```

```
 1   relief, period?
 2              MR. PIPITONE:  Correct.  Yes.
 3              MR. MOULTON:  Well, you know, I think that's -- I
 4   think ours is just more descriptive.  It makes it --
 5              THE COURT:  Yeah, I'm okay with --
 6              MR. MOULTON:  -- way less vague.
 7              THE COURT:  I'm okay with it as it is.  So Court will
 8   allow it as it is.
 9              MR. PIPITONE:  Then that's all we have, Judge.
10              THE COURT:  Okay.  Then y'all will -- who's doing the
11   editing?
12              MR. MOULTON:  I'll do the editing.
13              THE COURT:  And then you'll send it to Mr. Pipitone
14   one more time, and then provide it to the Court for signature?
15              MR. MOULTON:  That's right.  Now, was there any --
16   was there anything with the actual order?  Or are you going to
17   do your own, Your Honor?
18              THE COURT:  No, because y'all kind of know what, how
19   much time the Defendant needs, and I leave kind of the order --
20   there's things in there as to the time frame for information to
21   be turned over, I kind of rely on you all to work that up also.
22              MR. PIPITONE:  And I think, Judge, Mr. Moulton and I
23   have probably already gone through that, so I think we're fine
24   there.
25              THE COURT:  Okay, with that --
```

```
 1                MR. PIPITONE:  Unless you disagree, David.
 2                MR. MOULTON:  No, I think that's not -- it's just
 3    been so long since we talked, but just --
 4                THE COURT:  Well, just review the order and the
 5    notice again.  Mr. Moulton, if you make any changes, let
 6    Mr. Pipitone know what those changes are so he can review them.
 7    And then when everyone says okay, send it to me.
 8                MR. MOULTON:  Okay.  Great.
 9                THE COURT:  So that's the order and the notice.  All
10    right.  If nothing further, you're excused.
11                MR. PIPITONE:  Your Honor --
12                THE COURT:  Yes.
13                MR. PIPITONE:  If I may, this is not on the docket
14    necessarily, but I just want to bring it up.  The motion for
15    summary judgment for Gary Mills, we left that, and after the
16    April 3rd hearing that Mr. Moulton would pursue some discovery
17    so we could make it ripe for Your Honor's determination.  And I
18    just wanted to bring up nothing's happened there yet.  And so I
19    just don't want that to be disregarded.  And I don't want Your
20    Honor to dismiss it without prejudice.  I'd rather --
21                THE COURT:  I won't do anything without contacting
22    y'all, but I also don't want it sitting there.  Is the motion
23    to compel still pending also?
24                MR. MOULTON:  Yes, Your Honor.  We received some more
25    discovery yesterday from -- I'm sorry -- last week from the
```

```
 1   Defendants.  We're reviewing that.  And we have been trying to
 2   confer some more to get a reply to get that figured out.
 3           THE COURT:  And what about the MSJ?
 4           MR. MOULTON:  Kind of going back and forth type of
 5   deal to get our schedule lined up.  I'm planning to talk to
 6   Mr. Pipitone's associate today, so I think we'll be able to get
 7   that moving along.
 8           But I think that's connected to the motion for
 9   summary judgment, because there's a -- even before we do a lot
10   of, you know, more specific discovery, this is some general
11   things we still need that we're working on.
12           THE COURT:  Well, why don't I set it for a status
13   hearing in two weeks, see where we are on the motion to compel
14   and the motion for summary judgment.
15           MR. PIPITONE:  All right, Judge.  Thank you very
16   much.
17           THE COURT:  Brandy, you want to give them a date?
18           THE CLERK:  June 3rd at 3:00 o'clock.  That's a
19   little over two weeks.
20           THE COURT:  June 3rd at 3:00, Counsel?  Is that okay
21   with your schedules?
22           MR. PIPITONE:  It is for mine, Your Honor.  This is
23   Dan Pipitone.
24           THE COURT:  Mr. Moulton?
25           MR. MOULTON:  Can I just pencil it in right now?  I
```

```
 1  don't know exactly what day I'm going on vacation.
 2          THE COURT:  Okay.  So you're checking --
 3          MR. MOULTON:  I'm still trying to figure that out.
 4  No, I'm sorry for not knowing, but it's not up to me.
 5          THE COURT:  Well, we'll set it.  If you've got an
 6  issue, let Brandy know.
 7          MR. MOULTON:  Right, I will.  Okay.
 8          THE COURT:  Okay.  Then you're excused.
 9          MR. MOULTON:  What was the time again?  I'm sorry.
10          THE COURT:  June 3rd at 3:00.  3:00 o'clock.
11          MR. PIPITONE:  Thank you, Your Honor.
12          THE COURT:  All right.  Thank you.  You're excused.
13      (Proceedings concluded at 3:17 p.m.)
14
15
16
17
18  I, court approved transcriber, certify that the foregoing is a
    correct transcript from the official electronic sound recording
19  of the proceedings in the above-entitled matter.
20
21
22
    /s/ Molly Carter                May 29, 2014
23  Molly Carter                    Date
24
25
```