UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


| | | |
|---|---|---|
| AARON HANSEN, ET AL., | ) | CASE NO:  2:13-CV-0242 |
| | ) | |
| Plaintiffs, | ) | CIVIL |
| | ) | |
| vs. | ) | Corpus Christi, Texas |
| | ) | |
| TOTAL SCREEN SOLUTIONS, INC., | ) | Tuesday, June 3, 2014 |
| ET AL., | ) | (3:49 p.m. to 4:48 p.m.) |
| | ) | |
| Defendants. | ) | |


TELEPHONIC MOTION HEARING


BEFORE THE HONORABLE JASON B. LIBBY,
UNITED STATES MAGISTRATE JUDGE


Appearances:              See Next Page

Court Recorder:           Arlene Rodriguez

Case Manager:             Kendra Bledsoe

Law Clerk:                Melissa Brockett

Transcriber:              Exceptional Reporting Services, Inc.
                          P.O. Box 18668
                          Corpus Christi, TX 78480-8668
                          361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**


Plaintiffs:                    DAVID L. MOULTON, ESQ.
                               Bruckner Burch, PLLC
                               8 Greenway Plaza
                               Suite 1500
                               Houston, TX 77046

Defendants:                    DANIEL D. PIPITONE, ESQ.
                               MICHAEL A. HARVEY, ESQ.
                               Munsch Hardt Kopf Harr, PC
                               700 Milam Street
                               Suite 2700
                               Houston, TX 77002

1          <u>**Corpus Christi, Texas; Tuesday, June 3, 2014; 3:49 p.m.**</u>

2                            <u>**Call to Order**</u>

3          **THE CLERK:**  Hello, this is Kendra Bledsoe.  I'm going

4    to formally call the case now.

5          The Court calls Civil Action Number C-13-242, *Aaron*

6    *Hansen, et al versus Total Screen Solutions, Inc., et al.*

7          Now may I have appearances from Counsel, please?

8          **MR. MOULTON:**  David Moulton for the Plaintiffs.

9          **MR. PIPITONE:**  Your Honor, I'm Dan Pipitone, I'm one

10   of the lawyers for the Defendants.

11         **MR. HARVEY:**  Michael Harvey for the Defendants.

12         **THE COURT:**  Good afternoon.  This is Judge Libby.

13   I'm a U.S. Magistrate Judge here in Corpus Christi.  Judge

14   Ramos has referred your motion and responses and replies to me

15   for my consideration.

16         Before we get too far down the line, let me start

17   with Mr. Moulton.  Is that how you say it, say it again for me,

18   Mr. Moulton, is --

19         **MR. MOULTON:**  Molten like lava, but it's spelled like

20   how you want to say it.

21         **THE COURT:**  All right, Moulton, Mr. Moulton.  Do you

22   still need the assistance of the Court on these pending

23   matters?

24         **MR. MOULTON:**  Yes.

25         **THE COURT:**  Okay, and then, Mr. Pipitone, do you

1  believe you still need the Court's assistance?

2          **MR. PIPITONE:**  If I may defer to Mr. Harvey.  He's

3  worked with Mr. Moulton on these issues.

4          **THE COURT:**  Okay, Mr. Harvey?

5          **MR. HARVEY:**  Yes, your Honor, we do need -- probably

6  some direction on these issues.  We've tried to work with

7  Plaintiffs' Counsel on his motion to compel; however, the

8  issues are not settled and, unfortunately, we haven't been able

9  to get all of them settled.

10         We are also looking at, and I'm not sure if this is

11 before the Court, what the Court is referring to, but we're

12 also looking at filing our own motion to compel probably within

13 the next week, again, working with Mr. Moulton on --

14         **THE COURT:**  Okay.  Well, we'll see what we can do to

15 avoid the necessity of any further discovery motions.

16         What I -- I had this referred to me today by Judge

17 Ramos and I've done what I can to get up to speed on the

18 litigation.

19         I don't know that I'm going to be able to resolve

20 everything today, but what I would like to do, because you-all

21 have taken time out of your afternoon to be here, is to provide

22 some guidance on -- not guidance, to provide some rulings on

23 some of these issues to tell you how -- to give you an

24 indication of how I will rule on certain discovery matters and

25 to basically kind of see if I can help you push through these

1  issues and move forward with the litigation.

2          And then if there are still matters that are

3  outstanding, basically what I really need to rule on these is a

4  -- kind of a point by point Brief where the issues are set

5  forth kind of succinctly, and so that we can kind of go through

6  them one at a time.  But I'm going to try to do some of that

7  now based on the pleadings that I have.  And so, basically, the

8  long and the short of it is I'm going to try to rule on some of

9  these issues now, and then if there is still a need at a later

10 date I'll order the parties to confer, and then to file a --

11 basically a joint-kind of status report on what the issues are

12 that need a ruling.  And then we'll -- we'll set it for another

13 hearing and we'll go through those remaining issues one by one.

14         So let me just start by pulling out the documents and

15 getting organized.  And I will just start by stating for

16 purposes of the Plaintiffs' objections to the Defendants'

17 general objections, I've read the Defendants' responses, and

18 the Defendant has stated that it is not withholding any

19 information based on general objections and they, otherwise,

20 are answering the questions.

21         So this is what I'm going to do with regard to

22 general objections:

23         To the extent that there are any general objections

24 that have not specifically set forth the basis for not

25 answering the question, I'm going to strike the general

1    objections and require the Plaintiff to set forth -- or the

2    Defendant to set forth with specificity any objections if the

3    Defendant is seeking to withhold any information or not;

4    otherwise answer the question.

5               Now let's move onto a specific question.

6               Let's look at Interrogatory Number 2, and that is the

7    Interrogatory from the Plaintiff was:

8               "Identify any workers, whether independent

9               contractors or employees who, during the relevant

10              time period performed or are performing services that

11              are similar or are the same or similar to those that

12              Plaintiffs performed for Defendants, and state

13              whether you classified them as employees or

14              independent contractors?"

15              First off, Mr. Moulton, what's the relevant time

16   period?

17              **MR. MOULTON:**  The relevant time period was defined in

18   our definitions of the three-year period prior to commencement

19   of the lawsuit.  What we really could do at this point, though,

20   is call the three-year period from today because, you know, we

21   have the conditional certification order now and so the --

22              **THE COURT:**  Basically three years back from today?

23              **MR. MOULTON:**  Right.

24              **THE COURT:**  Okay, and is -- Mr. Harvey, are you

25   speaking for the Defendants for this hearing?

1              **MR. HARVEY:**  Yes, your Honor, I am.

2              **THE COURT:**  Is there any objection to Interrogatory

3    Number 2?

4              **MR. HARVEY:**  Your Honor, our objection -- original

5    objection was that it was premature.  Now that the Court has

6    ruled on the conditional certification, our -- with respect to

7    Interrogatory Number 2 and not to kind of hygienic (phonetic)

8    the process, but with respect to the first category of

9    documents, Interrogatory Number 2, Request Number 5 and Request

10   Number 6 to replace 7 and 8, our position is that the Court has

11   ordered that this information be identified, I believe it's

12   seven days from -- to tomorrow.  I could double-check the date,

13   but the order of the Court is that on conditional certification

14   that we're to produce the last known name, address, email

15   address and telephone numbers of potential Class members --

16   essentially all (indiscernible) for the last three years.

17            Our position is that that's what was relevant to the

18   case, the Court has essentially issued an order, ruled on

19   what's relevant and we're happy to follow that order.

20            But we believe that the information that was

21   requested from the Defendants was first premature, and now it's

22   overbroad in the sense that it or in the text that it is over

23   what the Court has ordered us to produce in the initial

24   Certification.

25            **THE COURT:**  So basically that issue has been --

1          **MR. MOULTON:**  Your Honor, if I could respond to that?

2          **THE COURT:**  Let's --

3          **MR. MOULTON:**  I'm sorry.

4          **THE COURT:**  Let's not go back and forth on issues

5     that are resolved, let's just kind of cut to the chase.

6          **MR. MOULTON:**  Well, it's not -- it's not resolved

7     though.

8          **THE COURT:**  Okay, tell me why.

9          **MR. MOULTON:**  Because the order for the conditional

10    certification only covers names, addresses, telephone numbers,

11    email addresses to the extent that they know them.

12         But some of these questions are actually a little bit

13    more information which is also relevant so, you know, their

14    actual positions, their job titles and also the locations where

15    they worked.  For example, Number 6.

16         **THE COURT:**  Okay, so --

17         **MR. MOULTON:**  And if they have any kind of employee

18    or contractor number, so there's really a little bit more

19    information there.  I hear you, you know, that they've been --

20    you know, I understand that they've been -- they have been

21    ordered to produce some of this now.

22         **THE COURT:**  I think the Defendants have indicated a

23    willingness to -- to answer those questions.

24         I'm going to order that the Defendants answer

25    Interrogatory Number 2.

1           And that leads us to the document request.  Where

2    is --

3           **MR. MOULTON:**  Your Honor -- I'm sorry, your Honor.

4           **THE COURT:**  Who is this?

5           **MR. MOULTON:**  This is Mr. Moulton.

6           **THE COURT:**  Okay.

7           **MR. MOULTON:**  And we were grateful for that ruling,

8    that's great.  And she has already ordered that.  But I'm

9    noticing, in particular, it's Number 6, which it provides for

10   the positions, job titles, locations where they worked.  You

11   know, we need that information as well.  I don't want to get

12   that lost, I don't want that --

13          **THE COURT:**  I'm working my way through the -- I'm

14   working my way through the motion, Mr. Moulton.

15          **MR. MOULTON:**  Oh, okay, I thought you were just --

16          **THE COURT:**  Hold your shorts on.

17          **MR. MOULTON:**  I'm sorry.  Go ahead.

18          **THE COURT:**  All right, so that's Interrogatory Number

19   2, motion to compel granted.

20          Interrogatory Number 6, requests -- or Request Number

21   6.  Is that the one you're asking about in order of your

22   motion, Mr. Moulton?

23          **MR. MOULTON:**  Your Honor, Interrogatory Number 6,

24   which is the computer readable version of Number 5.  To the

25   extent that any of this information is available in computer

1    readable format, we want that so we'll have --

2            **THE COURT:**  Okay.

3            "Computer -- computer readable data identifying every

4            individual you identified in response to

5            Interrogatory Number 2 by name, position, job titles,

6            locations at which they worked for TSS, employee or

7            contractor number if applicable, last known address

8            and telephone number."

9            Okay.  Mr. Harvey --

10           **MR. HARVEY:**  Yes, your Honor.

11           **THE COURT:**  -- what's the Defendants' position on

12   Interrogatory Number 6?

13           **MR. HARVEY:**  Our point, your Honor, is that the Judge

14   has already entered an order on conditional certification

15   saying now what we have to produce is the last known address,

16   email address and telephone numbers of these individuals.

17   Additionally, what she had told us in order is what she

18   believes is relevant and that these things:  the names,

19   addresses, email address and telephone number.  Now, Plaintiff,

20   by way of discovery, has tried to expand what she believes is

21   relevant, and we believe that simply isn't relevant.

22           The contract number of a particular employee or the

23   location in which she worked isn't relevant to whether or not a

24   plaintiff in the case, or a potential plaintiff in the case, is

25   an independent contractor or employee.  It often doesn't help

1   them find or locate or identify potential plaintiffs and that's

2   allegedly what the purpose of this discovery is, to identify

3   Class members.

4          What they need is what the Court has ordered and

5   that's what we're happy to give them.

6          **MR. MOULTON:**  Your Honor, that just -- that's not

7   right.  You know, the order -- we've got for conditional

8   certification is to get the identification information for the

9   Plaintiffs is to make sure they get a notice.  This discovery

10  is about identifying where people worked, when they worked, you

11  know, how they're identified on payroll so that we can find out

12  who the witnesses were, who worked with them, you know, to get

13  that --

14         **THE COURT:**  Okay, let me interrupt, Mr. Moulton.  I'm

15  sorry for interrupting, but let me interrupt.

16         What's the -- can you describe for me what you mean

17  by "computer readable data," Mr. Moulton?

18         **MR. MOULTON:**  Right.  So if this -- if we get the

19  information available today where they can just export it to

20  like an Excel format, likely would come out of a lot of

21  employee data base software, then that's the way we want it.

22         The other request we have asks for it on paper if

23  it's not available in electronic format.

24         **THE COURT:**  Okay.

25         **MR. MOULTON:**  It's just avoidance having to re-type

1    it.

2              **THE COURT:**  I understand.  Okay, for --

3              **MR. HARVEY:**  A real quick point, your Honor, on that,

4    I mean, I'm glad you raised that issue because (indiscernible)

5    see a lot in here.

6              My understanding from Mr. Moulton is what he wants is

7    not, you know, us to take an information (indiscernible).  This

8    information that he has requested, like, you know, around eight

9    or nine different things, it wouldn't be found in our pieces of

10   -- like computer software or computer data throughout our

11   company.  It isn't -- exist.

12             What he would like us to do is go through each of

13   those programs, take pieces of information and create it in --

14   I believe what he talked about was an Excel sheet so that we

15   take, you know, the name from one source and, you know,

16   potentially the address or email from another -- another source

17   and I don't think that's what the Rule requires us to do.

18             The Rule requires us to produce the information in a

19   readily -- that's readily accessible in a readily usable form.

20   She doesn't require us to take it from five different sources

21   and create an Excel sheet and then potentially send it over to

22   Mr. Moulton with a big note on it.

23             To the extent that that information exists, we're

24   happy to take it from that individual source and put it in

25   through a readily usable form.  We don't believe that we should

1   have to take it from five different sources and create one

2   document, but that's an absolute -- an undue burden.

3       **THE COURT:**  Okay.  This is my ruling.  For request or

4   Interrogatory Number 6, the Plaintiff's motion to compel is

5   granted.

6       However, I am not ordering the Defendant to compile

7   that data and prepare a spreadsheet for the Plaintiff.  It will

8   -- if it is computable -- or if it is in a format that is

9   computer readable, it shall be disclosed in a manner that's I

10  guess accessible and usable by the Plaintiff.  But to be clear,

11  I'm not ordering the Defendant to basically prepare the

12  Plaintiff's case for the Plaintiff.  And so, basically, turn it

13  over in the format that you have it, but try to do so in a way

14  that does not burden the Plaintiffs' ability to access and use

15  that information.  So that's Request -- or Interrogatory Number

16  6.

17      Moving onto Interrogatory Number 7, to the extent

18  that --

19      **MR. HARVEY:**  And just for clarification, your Honor,

20  I think we're talking about Request Number 6 instead of --

21  request for production.

22      **THE COURT:**  Oh, is it request for production?

23      **MR. HARVEY:**  Yes.

24      **THE COURT:**  You're right, I'm sorry, yes, it is a

25  request for production.

1      **MR. MOULTON:**  Oh, correct.  Right.  And so -- and,

2  your Honor, and Request Number 5 is the exact same request

3  except that paper if it's not available in electronic so my

4  only concern is if they say "Well, we don't have an electronic

5  period" and they wouldn't have to do it.  So if it's available

6  -- just like your order, we're not asking them to create new

7  things, but --

8      **THE COURT:**  Right, but if it's available in an

9  electronic --

10      **MR. MOULTON:**  -- software export or come out, you

11  know.

12      **MR. HARVEY:**  I don't see that distinction in Request

13  Number 5.  It looks like the distinction is Number 5, you ask

14  for computer readable data for all Class members, which I

15  assume would just be current claimants; whereas Request Number

16  6 asks for computer readable data for every individual you

17  identified in response to Interrogatory Number 2.

18      **MR. MOULTON:**  Oh, he's right.  I got that mixed up,

19  so, right, so it's actually later on that we ask for it in

20  paper.  It's the same information, it's just -- it's just if

21  it's available in electronic we want it, you know; and

22  obviously if it's not, we want that information in whatever

23  format it is.  Just, it's our prerogative under the rules to

24  ask for it in an electronic format that we specify.

25      **THE COURT:**  Mr. Moulton, I'm doing the best I can

1    here, but I'm going through your motion and request for

2    production Number 5 might be referenced somewhere in your

3    motion, but it's not -- not in the document that I have right

4    in front of me and so I'm going through your motion and I'm

5    ruling on these.

6              I think -- my intent is to give the parties an idea

7    of how I'm going and what I'm ruling; and if there are matters

8    that are not specifically addressed in this hearing, I really

9    expect the parties to get together and look how I ruled and to

10   anticipate how I would rule if it were in front of me again and

11   work together to -- to resolve your discovery disputes.

12             So let me keep going, and if there are -- if there is

13   -- if there are unresolved issues at the end of this hearing I

14   will give the parties an opportunity to speak.

15             And so when I refer to the motion, the motion --

16   okay, refers to Requests, so that's Requests for Production.

17             The next document on the -- or the next issue on the

18   Plaintiff's motion is Request Number 7, I guess that's request

19   for production Number 7, and it reads:

20             "To the extent any Class members are not identified

21             by the electronic data produced in response to the

22             fourth document request, any and all documents

23             providing that information in hard copy."

24             Mr. Moulton, what's that about?

25             **MR. MOULTON:**  Right.  So we're -- basically it's the

1   same information, but like we were talking about earlier, if

2   it's not available, because we've had numerous conversations

3   about this with Total Screen Solutions, and there seems to be a

4   great reluctance on their part to share anything that's

5   electronic.  That's the way I perceive it, but we've asked also

6   that if it's not electronically available, to go ahead and

7   produce it in a paper format, and so 7 or 8 are mirroring that

8   (indiscernible) and also for the -- you know, for the other --

9   basically the individuals as much as they can.  Hopefully the

10  information we were just talking about, you know, locations

11  where they were, names, addresses, phone numbers.

12          **THE COURT:**  All right.  Give me a moment to digest

13  the request.

14          All right, Mr. Harvey, what say the Defendant?

15          **MR. HARVEY:**  Your Honor, based on your prior ruling I

16  don't have an issue with this.  You know, in my mind's eye, I

17  stand by my objection that I believe it's overbroad, the

18  information that is being requested would basically require a

19  ruling.  I think, you know, asking for the paper documents if

20  we don't have an electronic document is fine, but based on the

21  Court's prior ruling, I would expect a Court ruling would

22  overrule this objection.

23          The one kind of issue or question I do have between 7

24  and 8 and 5 and 6, it looks like Plaintiff, first of all, that

25  the Court may not find the relevance, this information as to

1   all -- he did make a distinction in the two requests, between

2   Class members and then all individuals that are identified, so

3   the current Plaintiffs versus every potential Plaintiff that's

4   out there, which I believe I'm looking in the neighborhood of

5   probably over 100.

6           My only question is is the Court ordering that we

7   produce this information relevant -- or this information that

8   is stated as relevant as to the entire potential Class or just

9   the current Class, and add potential Plaintiffs

10  (indiscernible)?

11          **THE COURT:**  All right.  Are we talking about 100

12  people?

13          **MR. HARVEY:**  My understanding, I believe we're still

14  trying to work on this information, is that it's going to be

15  over 100, and likely over 125.

16          **THE COURT:**  Okay.  That is a lot of people, but I

17  think based on Judge Ramos's order, to answer your question,

18  yes, I'm going to order it to include the larger group of

19  people, not just people who have been identified as Claimants

20  or Plaintiffs at this point, so for the whole potential Class,

21  I guess that's the 120-something people.

22          **MR. HARVEY:**  Okay, your Honor.  Then based on your

23  rulings, I believe -- it would be my expectation that Request

24  Number 7 and Request Number 8 would be our objections would be

25  overruled.

1          **THE COURT:**  Okay.  All right.  Now -- all right, let

2     me just go -- jump forward to Page 13 of the motion.

3               "Information regarding Total Screen Solutions'

4               clients, relevant interrogatory and document

5               requests:

6               "Interrogatory Number 3:  Identify all companies or

7               individuals Defendants billed for Plaintiffs'

8               services."

9               Okay.  Mr. Moulton, why do you need that information?

10         **MR. MOULTON:**  Because, you know, we're -- this is an

11    independent contractor case, right?  The Defendants allege the

12    Plaintiffs were independent contractors.  We believe -- we

13    allege that they are employees, and so that's the heart of the

14    dispute here and that's going to determine whether or not they

15    are entitled to overtime.

16              Now part of the analysis about whether or not someone

17    is an independent contractor or employee is going to be, you

18    know, supervision and control.  There's also going to be issues

19    about who provides the investment in tools and materials that

20    the Plaintiffs use.

21              Now Total Screen Solutions takes the view that the

22    company men, the clients, control or supervise the Plaintiffs,

23    and we take the position that they are controlled and

24    supervised by TSS.

25              We also take the position that TSS is providing the

1  investment and providing the tools and materials, and TSS takes

2  the opposite view that the company men or clients provide that,

3  and so when we asked them for information about who are these

4  clients, we're trying to find out who are these witness, these

5  company men, who are they?  How can we get in touch with them

6  to ask them are they providing it, are they supervised?

7       And, also, because our guys are working out on these

8  rig locations where the company men are, Total Screen Solutions

9  (indiscernible) didn't keep records of the hours worked, and so

10  these company men, these clients, are going to be potentially

11  the only witnesses about, you know, how many hours our guys

12  worked, what they were doing, you know, what kind of skills are

13  involved, and that's also part of the independent contractor

14  analysis, so --

15       **THE COURT:**  Can you give me an example, just to help

16  me kind of understand, when you say "all companies or

17  individuals Defendants billed for Plaintiff services," can you

18  give me an example of what you're talking about?  Just like a

19  concrete example.

20       **MR. MOULTON:**  Right, so -- Right, as a concrete

21  example.  Let's say we can have a Plaintiff assigned to work on

22  a rig that's actually operated by Mehurst (Phonetic), for

23  example.  TSS has a contract with Mehurst to provide the

24  Plaintiffs to the account to provide services, which involves

25  control, they are moving the cuttings out of the drilling

1   fluid, and to do that they operate some big machine and such,

2   centrifuges and these things called "shaker tank" and track

3   hoes and, you know, there's just a lot of heavy equipment and

4   machinery out there, right?

5          And the issue is are the Plaintiffs independent

6   contractors or employees?  Are they -- are they subject to the

7   direction and control of Mehurst?  Are they under the direction

8   and control of TSS?

9          You know, did Mehurst provide the equipment and

10  tools?  Did TSS provide the materials and tools?

11         Did the company men on the Mehurst drilling site, did

12  they supervise the Plaintiffs?  Do they know how many hours the

13  Plaintiffs worked?

14         We don't know the answers to those questions unless

15  we can know who they are to ask them.

16         **THE COURT:**  Mr. Harvey?

17         **MR. HARVEY:**  Your Honor, I think our main objection

18  on this, I guess, category of documents is that you're asking

19  potentially for our client list and our client contracts as

20  you'll see in the next couple of requests.

21         This information is confidential, it's trade-secret

22  client information and we believe this should be protected by

23  -- by a protective order, a protective order.

24         My understanding, I haven't been in this case as long

25  as Mr. Moulton, but it's my understanding from prior counsel

1  that there was a protective order that the parties were working

2  on and at some point those conversations broke down.

3       Our position is we're -- I'm happy to hand over the

4  names of the companies that Plaintiffs would have billed for,

5  but it should be protected -- potentially a protective order.

6       **THE COURT:**  Okay.  I will grant the Plaintiff's

7  motion to compel the answer to Interrogatory Number 3 subject

8  to the parties agreeing on a protective order, and if you can't

9  agree on a protective order, file a motion and we'll have a

10 hearing on it, but I certainly think that the parties should be

11 able to agree on a pretty straightforward protective order.

12      So I'm granting it subject to the parties executing a

13 -- a protective order that's agreed to by the parties.

14      All right, let me take a note on that.

15    **(Pause)**

16      **THE COURT:**  Okay, and then Request Number 2:

17      "All contracts between TSS" and I guess this is a

18 request for production Number 2.

19      "All contracts between TSS and companies or

20      individuals TSS billed for Plaintiff services

21      during the relevant time period."

22      "All contracts between TSS and the companies or

23      individuals TSS billed for Plaintiff services."

24      All right, Mr. Moulton?

25      **MR. MOULTON:**  Your Honor, okay, so if we go back, for

1    example, let's say TSS had a contract with Mehurst or any, you

2    know, Precision (Phonetic) or any other kind of drilling

3    company, right?  And so they're going to have a contract and we

4    anticipate that that contract will -- is going to have

5    information about the client, or the client TSS so we can use

6    it to find out the witnesses I just talked about.  It's also

7    going to specify who is providing what, which is essential to,

8    you know, where is the investment coming from for these workers

9    to work.  It's going to possibly delineate the duties and what

10   is expected of these (indiscernible) and the skill that they're

11   required to perform on the job that's relevant to the

12   independent contractor analysis.

13        **THE COURT:**  Now you only need the portions of the

14   contracts relating to the Plaintiffs' services though, right?

15   Like you don't need the details of the -- like the cost of the

16   contract or the manner in which the contract would be executed,

17   you're looking for how the Plaintiffs were going to be used as

18   employees or subcontractors, right?

19        **MR. MOULTON:**  That's -- that's part of it and -- but

20   I think the costs are relevant, too, because the -- the

21   economic realities test is going to require an Officer of the

22   Court or the jury, whoever is making this decision, to compare

23   the relative investments of the parties, and so they're going

24   to have to compare the relative investments of Total Screen

25   Solutions and the jobs the Plaintiffs were performing --

1   (indiscernible) what the Plaintiffs are (indiscernible) and so

2   we need to know which -- basically what skin (phonetic) each of

3   them had in the game.

4          And there's more to it than that, too.  It's common

5   in agreements where companies are sharing or leasing or co-

6   employing (indiscernible) -- you know, workers, to have

7   descriptions about that and have -- and talk about how they're

8   going to be sharing and co-employing the players, and so that's

9   also relevant to knowing what the relationship is between these

10  Plaintiffs and Total Screen Solutions and the costs

11  (indiscernible).

12         So I don't know if you can start at the outset to

13  know what parts are going to be relevant and what aren't, but

14  we're certainly are going to do it through a protective order,

15  just like we just talked about.

16         **THE COURT:**  Okay.  Mr. Harvey, your input?

17         **MR. HARVEY:**  Yes, your Honor.  I mean, I think we can

18  kind of highlight the fundamental difference between what I

19  believe the Rule statements go for process of discovery is and

20  what Mr. Moulton believes the process of discovery is.

21         It seems to be that Plaintiffs believe they can ask

22  for everything under the moon, and we're supposed to produce it

23  and then they'll decide what's relevant to this case as opposed

24  to specifically tailoring their discovery request to defenses

25  and clients in this case.

1              As the Court pointed out the vast majority of these

2    contracts, the perception of these contracts are relevant is in

3    control and our position is that none of this is relevant.  Mr.

4    Moulton hasn't been able to articulate anything I've heard that

5    makes any sense that it would be relevant to this case.  The

6    information that he's talking about is about identifying the

7    potential companies and potential witnesses he's going to get

8    in an Interrogatory.  The Court has already ordered us to

9    produce that information so he doesn't need the contract.

10             Whether or not and by what rate we're were making

11   money off these contracts isn't germane to the issue of the

12   relationship between TSS and these individual employees,

13   whether TSS made $600 a day or $1,000 a day from these

14   individual contracts, that has absolutely no bearing on whether

15   or not an individual Plaintiff is an independent contractor or

16   an employee, or even defenses to independent contractor or

17   being an employee.

18             This is simply a fishing expedition and I think, to

19   some degree, a harassment to try to get information that

20   Plaintiff knows is confidential and should be protected by

21   trade secret, and that's really the objective here.

22             **THE COURT:**  Okay.  I --

23             **MR. MOULTON:**  Your Honor.

24             **THE COURT:**  Mr. Moulton?

25             **MR. MOULTON:**  If I could respond to that?

1      **THE COURT:**  Yeah, go -- go ahead.

2      **MR. MOULTON:**  I'd like respond that one -- I'm sorry?

3      **THE COURT:**  Go ahead.

4      **MR. MOULTON:**  Yeah.  One of the factors in the --

5  there are several factors in the economic realities test,

6  right, and one of them is the opportunity for profit or loss,

7  whether or not the Plaintiff's had the opportunity for profit

8  or loss and, you know, the contract is going to -- they're

9  going to say who is providing what and who is going -- but also

10  we're going to see who is setting the prices and these are

11  things that are going to come out with contracts.  We need to

12  know that.  We need to know what Total Screen Solutions is

13  providing, what the companies are providing --

14      **MR. HARVEY:**  Excuse me, your Honor.

15      **THE COURT:**  Well, there's -- I've --

16      **MR. MOULTON:**  -- and our documents will show that.

17      **THE COURT:**  Let me step in here real quick, and this

18  is what I'm doing.

19      Just to keep this moving I'm going to find that the

20  request is overbroad as it's stated in terms of asking for all

21  contracts and essentially all information in those contracts,

22  so I'm going to deny it in part, but grant it in part.

23      And I'm going to find that the Defendant shall turn

24  over contracts or those portions of contracts relating to the

25  employment activities of the Plaintiffs and the Plaintiffs'

1    services during that relevant three-year time period shall be

2    turned over.

3         But I -- at this point I would allow the Defendants

4    to redact or not to turn over the full contracts.

5         Now, Mr. Moulton, if, during the course of discovery

6    -- I just think it's overbroad at this point, but if you're

7    able to focus your -- after seeing the initial discovery, if

8    you're able to focus a subsequent or a later need for -- for

9    documents relating to the finances we can cross that bridge if

10   we come to it, but at this point I'm going to limit it to

11   contracts relating to the employment activities of the

12   Plaintiffs.

13        **MR. MOULTON:**  Of course --

14        **MR. HARVEY:**  Your Honor, because the --

15        **MR. MOULTON:**  -- sorry, which --

16        **THE COURT:**  All right, let's -- let me jump in here.

17   Let me ask -- let Mr. Harvey speak first this time, and then

18   I'll come back to you, Mr. Moulton.

19        Mr. Harvey?

20        **MR. MOULTON:**  Thank you.

21        **MR. HARVEY:**  Thank you, your Honor.  I appreciate

22   your ruling and understand it.

23        My only additional request is that we subject that to

24   a protective order, same as the information below

25   (indiscernible) information that is contained in our contract

1   and could be (indiscernible) to client is confidential and

2   trade secret.  Thank you.

3          **THE COURT:**  Granted.  Mr. Moulton?

4          **MR. MOULTON:**  Right.  If I could add, the parts of

5   the contract that deal with what -- we don't necessarily know

6   -- at this point, right, we don't -- we can have it redacted to

7   not know what the profit is for TSS right now, but I think that

8   is relevant.  I don't want to give that up, but at least to get

9   started we need to know if the contract specifies what TSS is

10  providing as far as solids (phonetic) control; in other words,

11  are they providing centrifuges, the tanks, the pumps and the --

12  and the track hoes, you know, that sort of stuff.  We need to

13  know if that's part of the contract they are actually providing

14  because --

15         **MR. HARVEY:**  And, your Honor, I mean, if we're -- if

16  we're providing that -- those equipments, that material --

17         **MR. MOULTON:**  (Indiscernible)  So -- excuse me.  So,

18  we need if that's part of the contract because that goes to the

19  core of this issue, you know, providing tools, materials and

20  equipments that the Plaintiffs use in their job is one of the

21  critical factors to show that TSS is the employer; and if

22  that's in the contract, we think we should get that part that's

23  -- so we'd like to have that, not just about the employment

24  services, not just what their job (indiscernible) but also what

25  TSS is providing for them to use.

1          **THE COURT:**  Okay, this is what I'm going doing as --

2          **MR. HARVEY:**  Then it is made (indiscernible) --

3          **THE COURT:**  Just let me -- let me --

4          **MR. MOULTON:**  If I could --

5          **THE COURT:**  Nope, I'm going to rule.  As the question

6  -- or the request for production has been phrased here, I'm

7  going to enter my ruling as I did.  I'm going to limit it to

8  the employment services of the Plaintiff.

9          However, I understand Mr. Moulton's position,

10  although it was -- the request for production was not tailored

11  in the way that you're asking for it, Mr. Moulton, and so at

12  this point I'm going to deny that oral request to modify the

13  request for production.

14          But, again, that's -- it's getting close to what I --

15  I think I understand where you are going with that, and I also

16  think that that's the type of thing that the Defendants -- or a

17  Defendant in good faith can work with you on, but I'm not going

18  to -- I'm not going to weigh into that issue at this point.  I

19  want to keep moving through the requests as they are before me

20  in writing.

21          Which moves us to request for production Number 21,

22  which reads:

23          "All invoices, bills, other requests for payment

24          submitted to TSS clients for services performed by

25          Plaintiffs."

1          Mr. Harvey, any objection to that?

2          **MR. HARVEY:**  Yes, your Honor.  The same objection,

3   that it has no relevance to the relationship between the

4   Defendants in this case and the Plaintiff.

5          Again, what Mr. Moulton -- Moulton, I'm sorry, is

6   asking is what is the relationship between Defendants and their

7   client in that what are we billing our client, and that's just

8   not relevant to a determination of whether these guys are --

9   the Plaintiffs are independent contractors or employees.  It

10  doesn't matter what our profit level was on our contracts are

11  with our clients.  What matters, really, is what the pay was to

12  the individual Plaintiffs.

13         **THE COURT:**  Mr. Moulton?

14         **MR. MOULTON:**  Right.  So this is -- what we're trying

15  to find out here is we're trying to find out, you know, who --

16  who is providing equipment, materials, the tools, the things

17  the Plaintiffs use in their job.  That's required under the

18  economic realities test.  It's required to show control.  It's

19  also required to show relative investments.  It's also -- we

20  can also see who is responsible for setting the prices, right?

21         That person who is truly in business for themselves

22  gets to set the prices of the services and also the materials

23  that they provide.  If you hire a painter or a roofer, he's

24  going to send you a bill for his time and also for some

25  materials.  He may have a markup, he may not.  But the point is

1    who is in control of that, who is providing this?  Is it

2    Mehurst, is it TSS, or is it the Plaintiffs?  And I can't think

3    of any other documents, other than the contracts and these

4    invoices and bills because they're going to actually address

5    that and show us.

6            **THE COURT:**  Okay, understood.  I'm going to interrupt

7    and I'm going to grant the Plaintiffs' motion to compel

8    Discovery with regard to request for production Number 21.  I

9    believe that it's not overly burdensome for the Defendant to

10   respond to that request for production, so Defendant shall.

11           Mr. Harvey, would you like that subject to the

12   protective order, as well?

13           **MR. HARVEY:**  Yes, your Honor, we would.

14           **THE COURT:**  Okay, subject to the protective order.

15           All right, moving to the motion, improper designation

16   of persons with knowledge, Interrogatory Number 4:

17       `    "Identify" -- this is the Interrogatory:

18              "Identify all individuals who may have knowledge of

19              relevant facts."

20           Okay, Mr. Harvey?

21           **MR. HARVEY:**  Your Honor -- and perhaps Mr. Moulton

22   would like to explain exactly what he's asking for and what his

23   issue is with our --

24           **THE COURT:**  Right.  And I understand.  It is kind of

25   broad just based on the way that it's raised.

1          Mr. Moulton, what are you looking for there?

2          **MR. MOULTON:**  Your Honor, the reason why we phrased

3     it like that, your Honor, is because Rule 26 phrases it exactly

4     that way.  They are actually required, under Initial

5     Disclosures, to provide us all individuals who may have

6     knowledge about the facts, and under Rule 26 actually it also

7     states what knowledge they may contain.  So all we're asking

8     them to do then is to do what they're already required to under

9     Initial Disclosing -- Initial Disclosures, but have the

10    interrogatory verified by the client.

11         **THE COURT:**  No, just a second.  Let me look at Rule

12    26 here.

13         **(Pause)**

14         **THE COURT:**  Point me to where I need to look in Rule

15    26 so I don't waste your time if you have it in front of you,

16    Mr. Moulton or Mr. Harvey, just to help me get there.

17         **MR. MOULTON:**  So the name and, if known, the address

18    and the telephone number of each individual likely to have

19    discoverable information along with the subject matter

20    information that disclosing party may use to support its claims

21    or defenses and must be used with (indiscernible)

22         And, you know, the cases that address this used that

23    -- the phrase that we have chosen.  It's just asking us to

24    provide -- it's directing them to provide the witnesses, right?

25    I mean, they have already -- there's -- we know that they have

1     identified several witnesses who provided declarations in this

2     case.  There's been -- for the Defense, there's been like six

3     -- or five.  Five or six --

4             **THE COURT:**  Okay, let me ask this question.

5             **MR. MOULTON:**  And they've never even --

6             **THE COURT:**  Go ahead, I'm sorry.  I interrupted.

7             **MR. MOULTON:**  You know, and they have provided these

8     -- these declarations and, you know, they signed them and

9     everything, but we still don't know their -- their address or

10    their telephone number.  You know, we -- that's part -- they

11    are required to provide that.  This James Bruce Scott

12    (phonetic), you know, we don't -- (indiscernible) identify any

13    of their Rule 26 disclosures, but they've listed Defense

14    Counsel's information, he's not a party.  They are required to

15    give us the name, address and telephone number of the

16    witnesses, and that's what we're asking them do.

17            And now the other problem we have with it is that

18    they also just used generic information.  They used -- they say

19    "All employees and representatives of Total Screen Solutions

20    and they list here Defense Counsel's info at his old firm.  And

21    so who are these people?  I mean, you don't get to  --

22            **THE COURT:**  I agree with you.  I don't think that the

23    Defendant can just say "All employees of Total Screen

24    Solutions" and have that comply with -- with the Rule 26

25    disclosures.

1          But, Mr. Harvey, your turn, what do you have to say

2   about that?

3          **MR. HARVEY:**  Sure, your Honor.  I mean, Plaintiffs --

4   Mr. Moulton has kind of made our point on the objection.  If

5   you look at the Rule it requires us to produce information and

6   disclosure.  Now Mr. Moulton wants the identical thing in an

7   interrogatory.  The Rules don't require us to perform -- to do

8   Plaintiff discovery and that's what's going on here.

9          **THE COURT:**  So let me just interrupt.  Have you

10  answered the question to the satisfaction of the requirements

11  of Rule 26 in your disclosures?

12         **MR. HARVEY:**  Your Honor, we have produced witnesses

13  and are in the process of supplementing that list next week.

14  Mr. Moulton will also be receiving the potential Plaintiffs in

15  this case and we'll have their name and address and that

16  information for them.

17         We're working on figuring out who all of these

18  potentially relevant individuals are, individuals with

19  particular relevant facts and working on several things on the

20  list.  At the time that we provided our disclosure, I don't

21  personally track them, but my understanding is from prior

22  Counsel that their intention was to provide everyone that they

23  were aware of at that time.

24         **THE COURT:**  Okay.  So the answer at this point is no,

25  but you intend and will comply with the requirements of Rule 26

1    and will provide this information to the Plaintiff, is that

2    correct?

3         **MR. HARVEY:**  Your Honor, we fully intend to comply

4    with the Rule.

5         **THE COURT:**  All right.  So let me see how I'm going

6    to phrase the answer on this.

7         So what I'm going to do is I'm going to grant the

8    Plaintiff's motion to compel Interrogatory Number 4, but I'm

9    going to say for the record that the Defendant doesn't have to

10   answer it separately.  The Defendant may comply with this --

11   with the Court's order by supplementing its disclosures to

12   provide the information required in Rule 26.

13        Is that satisfactory, Mr. Moulton?

14        **MR. MOULTON:**  Yes, your Honor.  And I just -- can I

15   just clarify one point?  We have had numerous discussions with

16   Total Screen Solutions and -- at least previously, pretty much,

17   and they've known about Clinton Shanefelter, Jr., Timothy

18   Wilson, Jr. and Brandon Dudley East (all phonetic) as well as

19   the company men who have testified in a reply for conditional

20   certification, it's like about five witnesses they've known

21   about for months.

22        The first three I mentioned, I think it was probably

23   February when they filed a response to our motion, and we've

24   asked them to identify these people and they haven't.  We just

25   want to -- part -- your ruling is fine, and agreeable to us,

1    but we want to make sure they understand that those people, as

2    part of it, need to be identified --

3            **MR. HARVEY:**  I have kind of two points on that, your

4    Honor.

5            First of all, clearly Mr. Moulton has knowledge of

6    them and they have been put on notice that those individuals

7    exit and might have knowledge.  That what the Rule requires.

8            Second is I haven't seen any supplement to

9    Plaintiffs' discovery and, you know, if they have knowledge and

10   believe these people have knowledge of potential facts

11   certainly they should be supplementing their disclosures also.

12   But, again, we're -- to the Court's point and I ask for a point

13   today, we will comply with Rule 26 as the Court has ordered.

14           **THE COURT:**  Okay.

15           **MR. MOULTON:**  The brief -- part of the problem, your

16   Honor, is that we don't -- we're not getting headway on this

17   because it's not enough just to know their names.  They have to

18   -- we have to know their name, address and telephone number.

19           **THE COURT:**  And I believe looking at Rule 26 --

20           **MR. MOULTON:**  Rule 26 applies.

21           **THE COURT:**  -- Rule 26, that that information would

22   be required to be turned over, and -- and so I'm not making any

23   conclusions about whether or not people have withheld names or

24   not disclosed names.  I know that during the course of

25   litigation it's an evolving -- and discovery is an evolving

1    process, but I really don't want to see is I don't want to come

2    back in later and find out that there are -- there are

3    witnesses who have been withheld.  I'm not making that finding

4    now, but I'm just encouraging the people -- or the parties and

5    the attorneys, Mr. Moulton and Mr. Harvey, that right now this

6    is one of those log jams that we're working through and we

7    haven't really gotten to a point where I have identified

8    serious problems with the discovery process.

9           I -- my rule right now is to facilitate the discovery

10   process.  But I really don't want to have to get involved with

11   essentially bad faith, and so I'm going to encourage both the

12   Plaintiff and the Defendant to continue to work on these

13   issues.  But that's all I'm going to say about that for now.

14   I'm going to move on now to request for production Number 4:

15           "All daily charge tickets or reports submitted,

16           prepared or signed by Plaintiffs."

17           Mr. Harvey, is there any objection to that?

18        **MR. HARVEY:**  Yes, your Honor, specifically the

19   reports.  That term, in and of itself, is so broad and so

20   really kind of vague that it potentially includes every

21   document the Plaintiffs have signed, and I think that truly

22   what Plaintiff is looking for is kind of every single thing

23   that has been signed by Plaintiffs, and we'll see that again in

24   later discovery requests.

25           There are potentially reports out there on whatever

1    they may be that are not relevant to this case, not relevant to

2    defenses and claims, so we believe the phrasing and the use is

3    overbroad and for that reason our objection should be

4    sustained.

5              THE COURT:  Mr. Moulton?

6              MR. MOULTON:  Yes, your Honor.  So the first part are

7    the daily charge tickets or reports -- part of the reason why

8    it's being -- we probably phrased that more generally because

9    there's a dispute (indiscernible) about what to call

10   (indiscernible)

11             THE COURT:  Okay, there's -- somebody is -- I'm sorry

12   for interrupting, let me jump in here.  Somebody was rubbing

13   the phone.  Could you step back, please --

14             MR. MOULTON:  Oh, I apologize.

15             THE COURT:  That's okay.  Could you step back a few

16   sentences, Mr. Moulton, just so -- I want to make sure that I

17   hear and understand your position.

18             MR. MOULTON:  Right.  So when we requested these

19   documents, all daily charge tickets or reports, there's a --

20   we've had a disagreement with Total Screen Solutions about what

21   to call documents.  If we don't exactly know the name that they

22   call the documents, they apparently don't exist.  We -- if we

23   find a name we'll show it to them and then they appear.

24             And so what we're asking for, first of all, are the

25   daily reports that sit hands (phonetic) filled out every day,

1  and they have already produced many of them.  However --

2          **THE COURT:**  What is the "daily report?"  Explain that

3  to me.

4          **MR. MOULTON:**  Right.  And so -- and so the report

5  that details what the worker did each day, who they checked in

6  with, and it talks about what materials that they worked with

7  and were provided.  It's basically -- it's almost like a little

8  work diary every day, and we're talking about a wage an hour

9  case where there aren't records of hours worked and so it's

10  part of it is, you know, picking out what days people worked,

11  what they were doing, have an estimate of how long they worked,

12  who was providing the materials, again, for the opportunity for

13  profit or loss and for level (phonetic) investments.  So this

14  type of information is on these reports, and I don't think

15  Total Screen Solutions has an objection to producing those

16  reports now that we've identified what they are.  But we do

17  have a problem that the reports that were produced prior to the

18  new firm taking over, the new Defense firm, were redacted.

19  They redacted critical witness's information.  You know, part

20  of what is on these reports is the name of the mud engineer or

21  company man, other people that they -- the Plaintiffs worked

22  with and had to check in with, and knowing who that person is,

23  they're witnesses, they're on sight.  They're going to know the

24  hours, they're going to know all of this stuff.

25          **THE COURT:**  And you're talking about the Plaintiffs?

1    Are you talking about the Plaintiffs?

2          **MR. MOULTON:**  Yeah.  So the Plaintiffs filled out

3    this report every day about what they did on the job site.

4          **THE COURT:**  Okay.  Okay.  I'm going to --

5          **MR. MOULTON:**  I -- I --

6          **THE COURT:**  I'm going to grant the Plaintiff's motion

7    to compel Discovery related to request for production Number 4.

8          To the extent that --

9          **MR. HARVEY:**  Your Honor -- I didn't mean to

10   interrupt.

11         **THE COURT:**  Go ahead, Mr. Harvey.

12         **MR. HARVEY:**  Yeah, I was just going to say, your

13   Honor, you know, we're happy to produce the daily charge

14   tickets and unredacted daily charge tickets.

15         You know, our objection isn't to that specific

16   category of documents, that is a specific category of documents

17   that relate to Plaintiffs at TSS.  It's just the remaining part

18   of the sentence that asks for "all reports submitted, prepared

19   or signed by the Plaintiffs," and it doesn't even limit those

20   reports that are "submitted, prepared or signed by the

21   Plaintiffs to TSS," it's just this "all reports by Plaintiff,"

22   and that is our issue, your Honor.

23         **THE COURT:**  Well --

24         **MR. HARVEY:**  And the way -- the way that Mr. Moulton

25   has narrowed the request in this -- in his argument that he is

1    looking for the daily reports and unredacted daily reports.

2    If, you know, that's what I've been saying since day one I've

3    been on the case, I'm happy to produce, I just need you to

4    narrow your -- your request to those documents, not this

5    universe, everything in the planet.

6              **THE COURT:**  To the daily reports -- to the daily --

7    unredacted daily reports submitted to TSS.

8              **MR. MOULTON:**   And the time reports.

9              **THE COURT:**  Go ahead, Mr. --

10             **MR. MOULTON:**  The daily time reports as well --

11             **THE COURT:**  And what?

12             **MR. MOULTON:**  Well, so there's other reports that

13   they -- that they always submit.  There's also the time sheets

14   or -- I think --

15             **THE COURT:**  The charge tickets --

16             **MR. MOULTON:**  I think they call them invoices --

17   yeah, the daily charge tickets are on one form, right, but

18   there's also a -- you know, "I worked these days on this rig

19   form," right, daily -- in effect, I'm sorry, it's the timesheet

20   invoice for -- I need those.

21             Also we have received some new documents from the

22   Defendants which I can't read, but they appear to be employee

23   timesheets -- or, I'm sorry, employee schedules.  I can't tell,

24   I can't read them.  We want those, too.  They look like a

25   report that signed by the Plaintiffs.

1          **THE COURT:**  Mr. Harvey?

2          **MR. HARVEY:**  The issue we have, your Honor, is the

3    time it's taken to try that approach again to discovery.  He

4    has asked for "all reports submitted, prepared and signed by

5    Plaintiffs."  Had he limited those reports to a specific type

6    of document, except for the daily charge ticket, had he limited

7    those to just documents that were prepared or submitted to TSS,

8    and now that we're hearing argument he's trying to narrow those

9    -- the requests so that it's not overbroad.  But, you know, the

10   fact of the matter is he didn't request those specific

11   schedules or timesheets, whatever it is that he's talking

12   about.

13          You know, in our process, clearly we're producing

14   those that we think are the relevant documents, and I'm happy

15   to continue producing those, but it just confirms to me that,

16   you know, he's taken the, you know, just shotgun approach,

17   we're going to ask for the universe and then expect us to

18   produce everything.  And then when it comes down to argument

19   with Court, we're going to try to narrow it (indiscernible).

20   We should have been doing this for a month, narrowing this

21   category of reports instead of just waiting until now.

22          **THE COURT:**  Well, I agree, and my preference -- I

23   agree with both parties.  And I agree that Plaintiff has a

24   legitimate request for some documents.  I -- I'm taking it that

25   I think, quite frankly, both the Plaintiff -- Plaintiff's

1   Counsel and the Defense Counsel could work through most of

2   these without having me sit here and go through this with you.

3   But -- but --

4           MR. HARVEY:  Your Honor, I would have thought that

5   would have been the case, but I -- you know, specific to this

6   request when I offered to produce the relevant report.

7   Plaintiff, however, refused to narrow the scope.  It's just

8   been waive all of your objections or, you know, we're going to

9   Court --

10          THE COURT:  Well, let's not -- just a second.  Let's

11  not take the gloves off and start swinging yet.

12          MR. MOULTON:  Well, your Honor --

13          THE COURT:  Let's -- let's keep moving forward and

14  what I'm going to do shortly is I'm going to call this hearing

15  to an end shortly and allow the parties to -- to do really what

16  we should be doing, as what you-all should be doing as

17  litigators, and that's conferring and working together, and

18  then getting the Court involved when it's really necessary.

19          So what we're going to --

20          MR. PIPITONE:  Your Honor -- your Honor, this is Dan

21  Pipitone.  May I make just one quick inquiry?

22          THE COURT:  Yes.  To -- to --

23          MR. PIPITONE:  If I am understanding what your Honor

24  is doing, and I've practiced now for 34 years, so I have a

25  pretty good feel, but what I'm -- what I'm gathering here and I

1    hate to use adjectives so forgive me for my choices, but your

2    Honor has an expansive and open discovery type philosophy about

3    things, and that's what I'm gathering from your rulings which

4    is perfectly fine, I think if the parties understand that then

5    we can work within that framework as you suggested at the

6    onset.

7         So if I'm correct in that understanding and I'm also

8    understanding that that -- that that approach goes both ways;

9    in other words, that which we ask the Plaintiff should be

10   fairly open and expansive as well.  If that's your Honor's

11   disposition I think we can work through the rest of these

12   things and, hopefully, future discovery efforts as well.

13        **THE COURT:**  And this is Mr. Pipitone?

14        **MR. PIPITONE:**  Yes.

15        **THE COURT:**  Okay.  Mr. Pipitone, to answer your

16   question, I am -- I am relatively new to the bench and I'm

17   coming to terms with my philosophy on discovery matters, and

18   I'm concerned with costs of litigation and burdening the

19   parties and -- and many matters, but I am -- I'm working

20   through these issues myself.

21        But I will tell you, and for the record, that I will

22   treat the Plaintiff and the Defendants equally and so if my

23   kind of disposition at this point is being relatively

24   expansive, I would tell the parties that I will treat the

25   Defendants' Requests for Production in a similar vein to the

44

1   extent that I am able to.

2           So with that I think Mr. Pipitone has moved the Court

3   for a recess to allow the Plaintiff and the Defense Counsel to

4   work together on the rest of these issues and what I'm going to

5   do is if -- with regard to the remaining issues that I have not

6   ruled on, and I'm not going to issue an extensive written

7   order, there will be a docket order kind of summarizing what

8   we've done today, a docket entry summarizing what I've done

9   today.

10          To the extent that there are outstanding discovery

11  issues, I would ask the Court -- or the parties within 14 days

12  to submit kind of a joint report indicating what the remaining

13  discoveries are -- or discovery disputes are with kind of a

14  synopsis of what the issue is and -- and see if we can go

15  forward in that manner.  Because, quite frankly, I don't think

16  this -- the way that we're doing it now is a cost-effective

17  matter -- or cost-effective for the parties.  But any objection

18  to recessing and allowing -- allowing you-all to confer, Mr.

19  Moulton?

20          **MR. MOULTON:**  No, your Honor.

21          **THE COURT:**  Okay, Mr. Harvey?

22          **MR. HARVEY:**  No, your Honor.

23          **THE COURT:**  Okay.  Mr. Pipitone, thank you for the

24  suggestion.  I think that was an appropriate way to conclude

25  our hearing today.

1          **MR. PIPITONE:**  Thank you very much, Judge.

2          **THE COURT:**  Okay.  All right, so Court is in recess.

3    If there are remaining issues file a joint Status Report within

4    14 days of today's date and we'll set it for a hearing.

5          Court is in recess.  Thank you for your appearance.

6      **(Counsel thank the Court)**

7      **(This proceeding was adjourned at 4:48 p.m.)**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____              June 5, 2014_

                    TONI HUDSON, TRANSCRIBER